UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANH QUANG,<br><br>        Plaintiff,<br><br>    v.<br><br>CSP CALIFORNIA MEDICAL FACILITY,<br><br>        Defendant. | No. 2:22-cv-1341 CKD P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On September 2, 2022, plaintiff's complaint was dismissed with leave to amend. Plaintiff has now filed an amended complaint.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

      The court has reviewed plaintiff's amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. Plaintiff's amended complaint must be dismissed. The court will, however, provide plaintiff one more opportunity to amend.

/////

1

1 In his amended complaint, plaintiff names the California Medical Facility as a defendant. Plaintiff is informed that under the Eleventh Amendment, state entities are immune from § 1983 suits for damages.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam).

Plaintiff asserts that he is not getting the medical care he needs with respect to diabetes, but plaintiff fails to provide details.  As plaintiff has already been informed, denial or delay of medical care can violate the Eighth Amendment.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). Plaintiff can state a claim upon which he can proceed by alleging facts indicating a prison official caused or is causing injury to plaintiff as a result of deliberate indifference to a prisoner's serious medical needs.  Id.

Finally, plaintiff is informed once again that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  March 6, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1
quan1341.14(2)